UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DRAGO ANDJELIC,

           Plaintiff,

-vs-                                    Case No. 6:05-cv-1877-Orl-22UAM

MARKEN MARKETING, INC.,

           Defendant.
_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| MOTION: | PLAINTIFF'S UNOPPOSED MOTION FOR THE COURT TO AWARD COSTS (Doc. No. 56) |
| FILED: | June 12, 2007 |
| THEREON it is **RECOMMENDED** that the motion be **GRANTED** as unopposed. | |

Plaintiff Drago Andjelic sought to hold his former employer Defendant Marken Marketing, Inc. liable for retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. After a two-day jury trial, the jury returned a verdict in favor of Plaintiff against Defendant in the amount of $25,000. Doc. Nos. 45, 46. On May 30, 2007, the Clerk entered judgment, providing that "Plaintiff shall recover his costs arising from this action . . ." Doc. No. 54. On June 12, 2007, Plaintiff timely filed an unopposed motion for taxation of costs (now before the Court) in which

Plaintiff seeks $3,026.30 in costs for the filing fee, service of summons, service of subpoenas, witness fees, deposition transcripts, and the mediator's fee. Doc. No. 56.

A prevailing party may recover costs *as a matter of course* unless otherwise directed by the Court or applicable statute. *See* Fed. R. Civ. P. 54 (d)(1).[1] The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920,[2] but may not tax as costs any items not included in § 1920 absent express statutory authority to do so. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *W. Va. Univ. Hosp., Inc. v. Casey*, 499 U.S. 83, 86 (1991); *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 463 (11th Cir.1996).

Plaintiff seeks a number of costs that are properly taxable pursuant to § 1920(1)-(4). Accordingly, Plaintiff's motion should be granted as to the following requests: (1) $250 for the Clerk's

---

[1] Fed.R.Civ.P. 54 (d)(1) provides:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

[2] Title 28 U.S.C. § 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

In response to Fed.R.Civ.P. 54 (d), Congress amended § 1920 to substitute "may" for "shall."

filing fee, (2) $25 for the service of summons and complaint on Defendant, (3) $52 for service of a subpoena for deposition on Beth Pallone, (4) $120 for service of subpoenas for trial on Pallone, Jeremy Ludwig, Brandon McGough, and Defendant, (5) $50 for the witness fees for Pallone and McGough's attendance at trial, (6) $844.60 for the deposition transcripts of Pallone, McGough, and Ludwig, (7) $555 for the court reporter appearance fee for the depositions of Pallone, Ludwig, McGough, Mary Mealey, and Ken Mealey,[3] and (8) $15 in copy costs.

Plaintiff requests two costs that are not taxable under § 1920: (1) $50 as a witness fee for Pallone's appearance at deposition and (2) $945 for the cost of the mediator's fee. The $50 witness fee exceeds the statutory maximum fee of $40 per day for each day's attendance under 28 U.S.C. § 1821(b), and the cost of the mediator's fee is not taxable under § 1920. *See JES Props., Inc. v. USA Equestrian, Inc.*, 432 F.Supp.2d 1283, 1296 (M.D. Fla. 2006); *Ass'n for Disabled Am., Inc. v. Integra Resort Mgmt, Inc.*, 385 F.Supp.2d 1272, 1304 (M.D. Fla. 2005); *see also Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 530 (5th Cir. 2001); *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002).

As discussed above, ordinarily, the district court may not tax costs that are not included in § 1920 absent express statutory authority stating otherwise. In this case, however, Plaintiff prevailed on an ADA retaliation claim. Under the ADA, § 12205, the district court may, in its discretion, "allow the prevailing party . . . a reasonable attorney's fee, including **litigation expenses, and costs** . . ." 42 U.S.C. § 12205 (emphasis added). Courts have ruled that costs awarded to the prevailing party under § 12205 are not necessarily limited to those listed in § 1920. *See Lamb v. Lee County*, 2007 WL

---

[3] Pallone, Ludwig, McGough, Mary Mealey, and Ken Mealey were all listed on either Plaintiff or Defendant's witness lists. *See* Doc. No. 28-2 at 6-7.

704944, at *2 (M.D. Fla. Mar. 20, 2007); *Macort v. McDonald's Corp.*, 2005 WL 1925740, at *10 (M.D. Fla. Aug. 11, 2005); *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp.2d 1346, 1354 (S.D. Fla. 2006); *cf. Dowdell v. City of Apopka, Florida*, 698 F.2d 1181, 1191-92 (11th Cir. 1983) (holding that "with the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs" under 42 U.S.C. § 1988, an analogous fee-shifting provision of the Civil Rights Act). *But see Tuggles v. Leroy-Somer, Inc.*, 328 F. Supp. 2d 840, 845 (W.D. Tenn. 2004).

Accordingly, in light of the authority cited above regarding costs awards under § 12205 *and because Defendant does not oppose the motion*, the undersigned **RECOMMENDS** that Plaintiff's Motion for the Court to Award Costs (Doc. No. 56) be **GRANTED**. The Court should award Plaintiff costs in the total amount of $3,026.30.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June \_\_\_, 2007.

Donald P. Dietrich
United States Magistrate Judge

Copies furnished to:
The Honorable Anne C. Conway
Counsel of Record
Courtroom Deputy